IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMONE BROOKS, | : | |
| on behalf of Kahlil Brooks, | : | 1:09-cv-2482 |
| | : | |
| Plaintiffs, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| CENTRAL DAUPHIN SCHOOL | : | |
| DISTRICT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

### **February 26, 2010**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc.5), filed on January 5, 2010, which recommends that this action be dismissed without prejudiced based on Plaintiffs' failure to exhaust administrative remedies. On January 25, 2009 and January 28, 2009, Plaintiff filed Objections to the R&R. (Docs. 6 and 7). For the reasons set forth below, the Court will adopt the R&R.

**I.     STANDARD OF REVIEW**

1

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. PROCEDURAL BACKGROUND

Plaintiffs Simone Brooks and her son Kahlil Brooks (collectively "Plaintiffs") filed this action on December 16, 2009 against the following Defendants: Central Dauphin School District ("CDSD"); Carol Johnson; and "Administration." Although it is less than clear, the Plaintiffs' complaint seems to assert claims pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and the Fourteenth Amendment Due Process Clause, pursuant to 42 U.S.C. § 1983. Plaintiffs also filed a motion to proceed *in forma pauperis*, which Magistrate Judge Blewitt recommends be granted.

Based on the recommendation that the *in forma pauperis* motion be granted, the Magistrate Judge screen the Plaintiffs' pleading under 28 U.S.C. § 1915(e). Based upon his screening of the Complaint, Magistrate Judge Blewitt recommends that the action be dismissed for the Plaintiffs' failure to exhaust administrative remedies. On January 5, 2010, Magistrate Judge Blewitt filed the instant R&R, recommending dismissal of the action without prejudice.

### III. DISCUSSION

Magistrate Judge Blewitt aptly notes that the exhaustion requirement of the IDEA is jurisdictional, and moreover, Plaintiffs have evidently failed to exhaust their administrative remedies. Within her objections, Plaintiff indicates that the "administrative due process is done and I wish to proceed to the next level." (Doc. 6, p. 1). Plaintiff also submitted to the Court, as an attachment to her objections, a letter from the Pennsylvania Special Education Hearing Officer dated December 23, 2009. That letter reads, in pertinent part:

> By letter dated December 10, 2009, I ruled the Complaint Notice in the above matter was insufficient. I also directed the Parent, pursuant to the IDEA, 20 U.S.C. § 1415(c)(2)(E), to submit an amended Complaint Notice by midnight on Thursday, December 17, 2009. My ruling represents the second insufficiency ruling in the above matter by a due process hearing officer. I directed that the above matter would be dismissed if the Parent failed to submit an amended Complaint Notice by the date specified.

3

> On Wednesday, December 16, 2009, I received an email from the Parent indicating that she intended to appeal my sufficiency determination to federal court. To this date, I have not received an amended Complaint Notice.
>
> Accordingly, I hereby dismiss the above matter with prejudice and relinquish jurisdiction.

(Doc. 6, p. 2)

Based on a review of her objections, Plaintiff clearly misapprehends the concept of exhaustion of administrative remedies. Plaintiff seems to think that because the hearing officer relinquished jurisdiction that she can proceed in federal Court. However, Plaintiff cannot avoid the IDEA's requirement that she participate in a due process hearing and take an appeal to the state appellate body before bringing suit in federal. *See James S. Ex. rel. Thelma S. v. Sch. Dist. Of Phila*, 559 F. Supp. 2d 600, 615-616 (E.D. Pa. 2008). Plaintiff sabotaged her own administrative process by failing to comply with the instructions of the Hearing Officer. It simply does not follow that Plaintiff's inaction in the administrative level resulting in the Hearing Officer relinquishing jurisdiction allow her to proceed to federal court without administrative exhaustion.

**IV. CONCLUSION**

Accordingly, based on the foregoing, we shall overrule the Plaintiff's objections and adopt the R&R in its entirety. An appropriate Order shall issue.